**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOSHUA SMITH, | ) |
| | ) |
|       Petitioner, | ) |
| v. | )    No. 1:12-cv-271-WTL-DKL |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
|       Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Joshua Smith ("Smith") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice**.

**Background**

The pleadings and the expanded record in this action establish the following:

1. Smith is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 11-11-0106, wherein he was found guilty of having violated prison rules of conduct of the unauthorized possession of an electronic device.

2. A conduct report was issued reciting that Smith's bed area was searched and in the course of the search Officer Garrett "found multiple items that are unauthorized for the possession of an offender including 1 outlet unit and 2 relay boxes."

3. After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on November 29, 2011, Smith was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good time, his administrative appeals were rejected, and this action followed.

## Smith's Claims

Contending that the proceeding described above is tainted by constitutional error, Smith seeks a writ of habeas corpus. His specific contentions are that: (1) he was denied adequate notice of the offense; and (2) the evidence was tainted because the chain of custody was not properly preserved.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Smith was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985). Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

Under *Wolff* and *Hill,* Smith received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Smith was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Smith's claims otherwise are unavailing here.

! Smith complains that the evidence was tainted because the chain of custody was not properly preserved, but the expanded record shows this is not the case in an administrative proceeding such as Smith's disciplinary proceeding. Specifically, the expanded record shows that: (1) items were found in Smith's bed area; (2) all items "were documented, photographed and placed in DHB evidence locker #307"; and (3) the notice of confiscated property was dated the day of the search and was signed by the reporting officer and Smith.

! Smith contends that he was denied adequate notice of the defense. Specifically, Smith claims that at the hearing, the hearing officer changed the offense from unauthorized possession of an electronic device to unauthorized possession of property. Smith was screened and he was provided with the conduct report, which set forth the search of Smith's cell and described all the items found and confiscated during the search. The conduct report set forth the basis of the offense, whether it was the unauthorized possession of an electronic device offense or the unauthorized possession of property. Under these circumstances, the modification did not deprive Smith of due process. *See Northern v. Hanks,* 326 F.3d 909, 910-11 (7th Cir. 2003) (where petitioner was notified of facts underlying the charge, there was no due process violation where reviewing authority modified the charge on appeal). Smith had ample notice by any measure, including that established by *Wolff,* and has not shown prejudice by the change in the charged offense. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the

proceeding which entitles Smith to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: _11/16/2012_

                                            Hon. William T. Lawrence, Judge
**Distribution:**                            United States District Court
                                            Southern District of Indiana

**Joshua Smith**
**No. 160100**
**Pendleton Correctional Facility**
**4490 West Reformatory Road**
**Pendleton, IN 46064**

**Electronically registered counsel**